## CARY v. UNITED STATES.

District Court, W. D. New York. August 11, 1927.

**1. Statutes ⟨⟩245—Substance, not form, is to be regarded in matters of taxation.**

Law is well settled that, in matters of taxation, the subject of the transactions must be considered, rather than form, and revenue statute must be accordingly given reasonable construction.

**2. Internal revenue ⟨⟩8(1)—Securities acquired by legatee through purchase with securities or money received in lieu of bequest of property subjected to transfer tax within five years previous held exempt from tax on legatee's death as property acquired in exchange (Revenue Act 1921, § 403 [a] [2] being Comp. St. § 6336¾d).**

Where property mentioned in bequest had been subjected to estate tax paid by testator within five years previous to legatee's death, securities acquired by legatee through purchase, with securities or money received by her in lieu of bequest, *held* exempt from further transfer tax within such five-year period, under Revenue Act 1921, § 403 (a) (2), being Comp. St. § 6336¾d, as property "identified as having been acquired in exchange for property so received."

**3. Internal revenue ⟨⟩8(1)—Exemption from transfer tax of properties acquired in exchange for property taxed may extend to reinvestment involving more than single transaction or "exchange" (Revenue Act 1921, § 403 [a] [2], being Comp. St. § 6336¾d; Internal Revenue Regulations, art. 44).**

In spite of Internal Revenue Regulations, art. 44, Revenue Act 1921, § 403 (a) (2), being Comp. St. § 6336¾d, exempting sums of money on which estate tax has been paid within

five years for property "identified as having been acquired in exchange for property so received," *held* not limitation of exemption to single transaction or exchange, provided property originally taxed can be identified or traced to purchases of other properties, though "exchange" ordinarily implies the giving of one thing for another, which ordinarily is regarded as an equivalent.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exchange.]

**4. Statutes ⟨⟩206—Words in statute must be construed in connection with terms of provisions which are consistent.**

Words used in statutory provision must be considered and given effect with terms of provisions which are consistent with each other.

On rehearing, affirming judgment.

For original opinion, see 15 F.(2d) 602.

Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y. (J. Edmund Kelly, of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., and Richard A. Grimm, Asst. U. S. Atty., both of Buffalo, N. Y. (A. W. Gregg, General Counsel, Bureau of Internal Revenue and Wm. T. Sabine, Jr., Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for the United States.

HAZEL, District Judge. When this case was before me last October (Cary v. U. S., 15 F.[2d] 602), the sole question presented was whether the legacy received by plaintiff's intestate from her father had not in fact lapsed, owing to the payment to him of certain matured securities, which he had bequeathed to her, and whether, after his death, the payment of the bequest by his executors to the legatee, his daughter, partly in cash or other securities, in lieu of the securities specified in the will, subjected the legatee to payment of an estate tax within five years of the payment of an estate tax by the testator. It was ruled by me that the legacy was not specific, had not lapsed, and, as the plaintiff, husband of the deceased legatee, erroneously paid the assessed tax to the collector, he was entitled to a return thereof.

A rehearing was subsequently granted, it being urged by the government that another question was involved, which had not been presented or passed upon viz. whether any of the securities owned by plaintiff's intestate at the time of her death can, under section 403 (a) (2) of the Revenue Act of 1921 (Comp. St. § 6336¾d), be identified as securities received from her father by bequest, or whether they were acquired by her by exchange for property so received, and upon

which an estate tax had been paid by the testator, her father, within five years before his death. The government claims that, since it is shown that the securities, in the main, were acquired by plaintiff's intestate, in her lifetime, through purchase with securities or money received by her in lieu of the bequest, and in some instances were sold by her, the proceeds being used for purchase of other securities, they cannot, as stated in the act, "be identified as having been acquired in exchange for property so received," and, hence, that they were subject to the tax imposed.

[1, 2] A different conclusion, however, has been reached. The undisputed evidence fully shows that the securities bought by her, after the payment of the bequest, were acquired in exchange for property, securities, or money paid to her by the executors of her father's will. The findings of fact and conclusions of law approved by me make it unnecessary to set forth the details of the various purchases and sales. The law is well settled that in matters of taxation the subject of the transactions must be considered, that substance and not form is to be regarded, and, accordingly, the Revenue Act of 1921 must be given a reasonable construction. U. S. v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; U. S. v. Davison (D. C.) 1 F.(2d) 465. Its purpose manifestly was to prevent collecting a double tax on property of deceased persons within five years. That such was the intent of Congress is fairly shown by the report of the Ways and Means Committee on the revenue bill of 1918, which had a similar exemption clause, together with the ensuing discussions.

[3] The crucial point in this case turns upon whether the wording of the statute, "as having been acquired in exchange for property so received," implies a limitation to a single transaction or an exchange of property for property. I am unable to adopt this view. It is true that, by article 44 of the Internal Revenue Regulations, a narrow construction is given the quoted phrase; but I nevertheless think that the Revenue Act in question cannot in reason be accorded such a restricted meaning. The evidence shows that the property bequeathed or devised, and paid by the executors in satisfaction of the bequest, was shortly thereafter invested by the legatee, during her lifetime, in other property, stocks and bonds. I am of opinion that these later securities can fairly be traced and identified to the securities and money acquired under the will, and that it constituted substantially an exchange thereof.

[4] True enough, the word "exchange" ordinarily implies the giving of one thing for another, which ordinarily is regarded as an equivalent; but the statute, in its use of the word "exchange," must be considered and given effect with the terms of the provision which are consistent with each other. Such was the ruling in U. S. v. 99 Diamonds (C. C. A.) 139 F. 961, 2 L. R. A. (N. S.) 185. And in the Rodenbough Appeal, decided by the United States Board of Tax Appeals, 1 B. T. A. 477, wherein a similar question arose, it was substantially held that, if the property of a deceased was identified or traced to purchases of other properties, it was not subject to taxation under the Revenue Act. In that case, as here, the proceeds of the property bequeathed were invested in other securities, and the government contended that, under the provisions of the act, only one exchange was presumable, and a reinvestment of securities, or of moneys received under the will of a testator, was not a single exchange.

There is nothing contained in the act, however, as heretofore indicated, to form a reasonable basis for holding that merely a single exchange was intended. Upon this point it was ruled in the Rodenbough Case by the Board of Tax Appeals that the intendment of Congress was not to limit the meaning of the word "exchange" to a single transaction, but "that a reinvestment of money realized from property received from a prior decedent" was an exchange within the terms of the act. This ruling, the government insists, was obviously erroneous, in that it ignored the real meaning of the word "exchange," and confused purchases, sales, and investments with an exchange. However, I have carefully considered the opinion of the board, and I am unconvinced of its asserted error. While the board's decision is not binding upon this court, still it is fairly presumable that its members are skilled in taxation matters and familiar with the rules of law applicable thereto, and therefore I am persuaded of the correctness of its decision.

Judgment may be entered in favor of plaintiff for the recovery of the amount stated in plaintiff's submitted findings of fact and conclusions of law, in which I have made alterations to conform to my views.