JOHN D. ANKENY, EXECUTOR, ESTATE OF LEVI ANKENY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8904. Promulgated January 14, 1928.

*John F. Watson, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner claims the right to deduct the amount of $44,873.07 from the value of the gross estate of the decedent under the provisions of section 403(a)(2) of the Revenue Act of 1918, which is as follows:

An amount equal to the value at the time of the decedent's death of any property, real, personal, or mixed, which can be identified as having been received by the decedent as a share in the estate of any person who died within five years prior to the death of the decedent, or which can be identified as having been acquired by the decedent in exchange for property so received, if an estate tax under the Revenue Act of 1917 or under this Act was collected from such estate, and if such property is included in the decedent's gross estate.

The circumstances upon which this claim is based are fully set forth in our findings of fact, above. The respondent has refused to allow the deduction on the theory that deposits to and withdrawals from the bank accounts in question, prior to the death of the decedent, resulted in a commingling of funds that makes it impossible to identify the amounts taxed within five years as a part of the estate of the prior decedent. The petitioner concedes some changes in the bank accounts, but proves beyond question that none of them at any time showed a smaller credit balance than on September 29, 1918, and that, therefore, the exact credits except as to the amount of $10,000, remained undisturbed until the date of the death of the decedent.

The property transferred is designated as cash, and certainly, if that is true, the identical currency involved was not earmarked, and can not be identified. In fact, however, the values transferred

to the decedent by the death and will of his wife were not cash, but credits in the several banks, and such credits remained unchanged until the death of the decedent. Neither the wife nor the husband had any actual cash in the bank which they could demand as specified and identified pieces of currency. The properties transferred were credits which were evidenced by the depositor's pass books and by the books of the several banks. Such credits were taxed as a part of the estate of the prior decedent. We are convinced that the property in question is amply identified as having been taxed to the estate of a prior decedent within five years of the death of the decedent. The petitioner prevails on this point. *Appeal of Elmer E. Rodenbough, Executor*, 1 B. T. A. 477; *Appeal of Estate of Isabella C. Hoffman*, 3 B. T. A. 1361; *Lowell v. Brown*, 284 Fed. 936; *Cary v. United States*, 22 Fed. (2d) 298; *John F. Archbold, Executor*, v. *Commissioner*, 8 B. T. A. 919.

The petitioner introduced no evidence upon which we can base a finding of fact as to this second contention, and on this point the determination of the respondent is approved.

*Judgment will be entered on 20 days' notice, under Rule 50.*