SEABOARD NATIONAL BANK OF NEW YORK, N. Y., EXECUTOR, ESTATE OF C. FISHER HEPBURN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9690. Promulgated May 15, 1928.

*A. Harding Paul, Esq.*, for the petitioner.
*R. E. Copes, Esq.*, for the respondent.

1388

OPINION.

TRAMMELL: The principal issue in this proceeding involves the correctness of the respondent's action in reducing the deduction allowed for prior-taxed property under paragraph (2) of section 403 (a) of the Revenue Act of 1921 by the amount of deductions allowed under paragraph (1) of said section, in determining the value of the net estate. Also, the petitioner here claims for the first time certain additional deductions under paragraph (1) of said section on account of expenditures for administration expenses and claims against the estate, which were not presented to the respondent for consideration nor allowed by him.

The material provisions of the Revenue Act of 1921 are as follows:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, * * * but not including any income taxes upon income

received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes;

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided*, That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916.

The decedent, C. Fisher Hepburn, died September 16, 1923, and the petitioner filed an estate-tax return on November 13, 1924. The respondent caused the return to be audited, and determined the value of the gross estate to be $485,067.90, which the petitioner concedes is the correct valuation.

A. Barton Hepburn, father of the decedent, died January 25, 1922, and a Federal estate tax was paid on his estate. There were included in the gross estate of the prior decedent certain shares of stock at a total value of $178,446.75, which, together with an undistributed share of $50,000 in the estate of said prior decedent, were bequeathed to the present decedent and included in his gross estate at a valuation of $251,907.

Accordingly, in determining the value of the net estate of the present decedent, under section 403 (a) of the Revenue Act of 1921, *supra*, a deduction is allowable under paragraph (2) of said section for prior-taxed property in the amount of $228,446.75, the value at which the property was taxed as a part of the gross estate of the prior decedent, if no part of the amount has been deducted under paragraph (1) of said section.

In determining the value of the net estate herein, the respondent allowed deductions for funeral expenses, executor's commissions, attorneys' fees, claims against the estate and miscellaneous administration expenses in the total amount of $139,857.29, under paragraph (1) of section 403 (a) *supra*, and also allowed under paragraph (2) of said section, a deduction for prior-taxed property in the sum of $228,446.75, less the deductions under paragraph (1) in the amount of $139,857.29, or a net deduction for prior-taxed property of $88,-589.46. This action of the respondent was based upon the assumption that, because the bank account from which these charges were paid was made up of commingled funds, the identity of the funds

was lost, and therefore it could not be said that any portion of the deductions allowed under paragraph (1) of section 403 (a) *supra*, was paid from funds of the present estate.

The petitioner maintained two accounts for the estate, a so-called principal account and an income account. It is with the former account only that we are concerned here.

At the time of his death in September, 1923, the decedent carried an account with the Guardian Trust Co. of Cleveland, Ohio, and on October 27, 1923, the balance of the funds in this account, amounting to $41,732.79, was transferred to the executor bank in New York and deposited to the credit of the principal account of the estate. The first deposit to this account of proceeds from the sale of prior-taxed property was made on March 3, 1924. Hence, there was no commingling of funds from the beginning of administration to and including March 2, 1924. Prior to this date, the petitioner had expended from the principal account a total of $1,580.17, which the respondent allowed as deductions under paragraph (1) of section 403 (a) *supra*, and included in the amount by which the deduction for prior-taxed property was reduced. The respondent now concedes that his action in this respect was erroneous. The deduction for prior-taxed property, under section 403 (a) (2), should, therefore, be increased by the amount of $1,580.17.

All of the previously taxed property was sold and the proceeds deposited in the principal account of the estate prior to June 21, 1926, on which date the credit balance of the principal account became fully exhausted. We have found, as set forth in our findings of fact above, that subsequent to June 21, 1926, the petitioner paid, from funds other than proceeds from the sale of prior-taxed property, administration expenses and claims against the estate, in the total amount of $11,992.35, which items were not presented to the respondent for consideration nor allowed by him in determining the deficiency involved herein. The respondent also concedes that deductible items paid subsequent to June 21, 1926, should to that extent increase the amount of the deduction allowed by him for such purposes and should not serve to reduce the amount of the deduction for prior-taxed property. The deduction under paragraph (1) of section 403 (a) should accordingly be increased by the amount of $11,992.35, which should not affect the deduction for prior-taxed property under paragraph (2) of said section.

This leaves for consideration only the question of the extent, if any, to which the deduction for prior-taxed property under paragraph (2) of section 403 (a) should be reduced on account of the payment of deductible items allowed under paragraph (1) of said section, from the commingled funds account between the dates of March 3, 1924, and June 21, 1926.

The Revenue Act of 1918 contained, for the first time in the history of Federal estate taxation, a provision for a deduction on account of prior-taxed property. In section 403 (a) of that Act, it was provided that the net estate should be determined by deducting from the value of the gross estate (1) expenses, claims, losses, etc., (2) an amount equal to the value of prior-taxed property at the time of the decedent's death, and (3) the amount of all bequests, legacies, devises or gifts to or for governmental, religious, charitable, scientific, literary or educational purposes. Thus, a deduction of an amount equal to the full value of the prior-taxed property at the time of the decedent's death was allowable under paragraph 2, without reference to the deductions under paragraphs (1) and/or (3), and in a case where the value of the present estate was insufficient to meet the expenditures deductible under paragraphs (1) and/or (3), it is obvious that, to the extent that such items might be paid out of the prior-taxed estate, a double deduction under paragraph (2) would result.

This situation was changed by the provisions of section 403 (a) as reenacted in the Revenue Act of 1921, it being provided in paragraph (2) thereof that the deduction allowable on account of prior-taxed property should be an amount equal to the value at which such property was included in the gross estate of the prior decedent and in the decedent's gross estate, and not deducted under paragraphs (1) or (3).

It seems clear that the purpose of the changes indicated was to prevent, among other things, the allowance of a double deduction for the same value or property, as in some cases might have occurred under the 1918 Act. This conclusion is supported by a consideration of the legislative history of section 403. In reporting the 1921 revenue bill to the Senate, the Committee on Finance in its report stated:

Section 403 (a) (2) and (b) (2) of the present Act provides for the deduction of an amount equal to the value of any property received by the decedent as a share in the estate of any person whose death occurred within five years prior to that of the decedent, or which can be identified as having been acquired in exchange for property so received, if an estate tax under the Revenue Acts of 1917 and 1918 was collected from such estate, and if such property is included in the decedent's gross estate. The proposed bill extends the right of deduction to property received from a prior decedent whose estate has paid such a tax "under this or any prior Act of Congress." The other amendments of this paragraph are designed to prevent a double deduction in whole or in part of the value of the property so received or acquired, and to remedy defects and omissions found to exist in the present law.

If such, then, was the Congressional intent, the deduction under paragraph (2) of section 403 (a) for prior-taxed property should be an amount equal to the full value at which the property was in-

cluded in the gross estate of the prior decedent and in the gross estate of the present decedent, subject to be reduced only to the extent that the allowance of such amount would result in a double deduction by reason of deductions allowed under paragraphs (1) and/or (3) for the same value.

If the value of the present estate which came into the hands of the executor at the time of the decedent's death was sufficient in amount to cover all expenditures deductible under paragraphs (1) or (3), a double deduction would not result from the allowance under paragraph (2) of an amount equal to the value at which the prior-taxed property was included in the gross estates of the prior and present decedents. The statute deals with values and not with specific, earmarked pieces of property. *Elmer E. Rodenbough, Executor*, 1 B. T. A. 477, 482, and authorities cited. See also *Rodenbough* v. *United States*, 25 Fed. (2d) 13.

In the instant case, the present estate at decedent's death and at all times prior to June 21, 1926, when the commingled funds became exhausted, exceeded in value the total amount of all deductions allowed and allowable under paragraph (1) of section 403 (a), and there being no deduction under paragraph (3), the estate at all times possessed values in excess of an amount equal to that at which the value of the prior-taxed property is allowable as a deduction under paragraph (2). Hence, the deduction for prior-taxed property should not be diminished on account of the deductions under paragraph (1), since such allowance would not result in a double deduction.

Under the respondent's theory, if an executor, having funds of the estate derived from prior-taxed property and also separate funds derived from other sources, should inadvertently or through lack of knowledge make expenditures deductible under paragraph (1) from the prior-taxed property funds, the deduction for prior-taxed property under paragraph (2) would be reduced to that extent, notwithstanding that the property or funds of the present estate, if used for such purpose would have been sufficient to have met the expenditures. Another executor, similarly situated, might have made the expenditures out of the funds of the present estate and thus have avoided any reduction of the allowance for prior-taxed property. Again, an executor temporarily in possession of liquid assets consisting only of prior-taxed property, might borrow money with which to meet expenditures for expenses and other items deductible under paragraph (1), and so avoid impairment of the deduction for prior-taxed property under paragraph (2).

Under such a theory, the allowance of the deduction for prior-taxed property would be made to depend upon accident, mistake, or the

method of bookkeeping employed by the executor, and we are not persuaded that such was the intention of Congress in providing for the deduction in question.

The deficiency here should be redetermined on the basis of the allowance of a deduction under paragraph (2) of section 403 (a) for prior-taxed property in the amount of $228,446.75, and the allowance of an additional deduction under paragraph (1) as follows:

Additional allowable expenditures made between March 3, 1924, and
June 21, 1926_____ $4, 276. 15
Additional allowable expenditures made subsequent to June 21, 1926_ 11, 992. 35
                                                                     _____
                                                                     16, 268. 50
Less excessive deduction allowed on Standard Oil Co. claim_____    413. 02
                                                                     _____
    Net additional deduction under paragraph (1)_____ 15, 855. 48

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*