FRANCES BRAWNER, EXECUTRIX, ESTATE OF ALEXANDER HARRISON BRAWNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16092.   Promulgated March 27, 1929.

*L. F. Logan, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

1124

OPINION.

LANSDON: The right of petitioner to the deduction claimed in this case is governed by the provisions of that part of the Revenue Act of 1924 relating to the taxing of estates, which reads as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax or an estate tax under this or any prior act of Congress was paid by or on behalf of the donor or the estate of such prior decedent, as the case may be, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gift or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of this subdivision.

To avail himself of the benefits of this section of the statute the petitioner must show, in respect to the property involved, four concurring conditions: (1) That it was received by the decedent from such prior decedent by gift, bequest, devise or inheritance within five years prior to his death; (2) that an estate tax under the Revenue Act of 1924 or any prior act of Congress was paid on behalf of said prior decedent; (3) that the property now included in the estate can be identified as having been received by decedent from the prior estate, or as having been acquired in exchange for property so received; and (4) that it has not been deducted from the gross estate under other provisions of the law.

The first two conditions are conceded by the respondent except as to the application of the second to the facts in this case. In respect to these he contends that before the petitioner is entitled to the benefits of this section he must show not only that the tax was paid on the

preceding estate but that the property received formed a part of the assets of such estate at the time the tax was paid. He argues that, inasmuch as the bequest in this case was not paid to the decedent until nearly two years after the death of the prior decedent, there is a bare possibility that it might have been paid out of subsequent accretions and not the corpus upon which the estate tax· was paid. We have considered carefully respondent's argument in connection with the law and the facts in this case, but find nothing in either that justifies the speculations thus advanced or the claims in respect thereto. The property in this case was bequeathed to decedent by the will of the prior decedent. The record indicates that the estate of the prior decedent was solvent and much more than sufficient to pay the amount here in question. In these circumstances the legal presumption is that the bequest was paid from the corpus of the prior decedent's estate, which the respondent admits was taxed within five years of the death of this decedent.

The remaining question, and the only real issue here, has to do with the identity of property, a part of which petitioner claims was acquired in exchange for property received from the preceding estate.

The original bequest consisted of $100,000 in money, which was paid to the decedent. The records show that he received this money on May 31, 1924; also, the further sum of $49,108.38 as commissions for services as executor of said estate, all of which he deposited to his credit in the bank. Before this deposit his balance in this bank was $1,742.65. On the same date he withdrew from said account the sum of $12,480, which he invested in corporation stock. Thereafter at different dates up to and including August 11, 1924, he made further withdrawals from said account and further purchases of corporation securities with the funds so withdrawn, the total withdrawals for investment amounting to the sum of $74,200. Other withdrawals than these mentioned were made during this time from this account by decedent, but inasmuch as the aggregate of such was less than the total deposits, independent of this bequest, made to the same account during the period, it follows that the unexpended balance of this bequest, not withdrawn for investment as hereinbefore noted, remained in said account and formed a part of the assets of the estate of decedent at the time of his death. We have previously held, under such circumstances, that funds thus identified are deductible under section 303 (a) (2), supra, John D. Ankeny, Executor, 9 B. T. A. 1302; John F. Archbold, Executor, 8 B. T. A. 919. It follows, therefore, that in so far as the claims of the petitioner pertain to the deduction of such ascertained residue remaining on deposit in the bank at the date of decedent's death, his contention must be sustained in the amount of $25,800.

The record shows the exchange of $74,200 of these funds for corporation securities. We are of the opinion that petitioner is entitled to deduct such amount from the gross estate of the present decedent to the extent that any part thereof was included in such estate at date of death and has not been deducted from said gross estate under the provisions of subdivisions 1, 3, or 4 of section 303 of the Revenue Act of 1924. *Elmer E. Rodenbough*, 1 B. T. A. 477; *Rodenbough* v. *United States*, 25 Fed. (2d) 13.

Reviewed by the Board.

*Decision will be entered under Rule 50.*