WILLARD G. ROLFE, EXECUTOR, ESTATE OF CHARLES R. NOYES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18486. Promulgated May 13, 1929.

*O. W. Taylor*, Esq., for the petitioner.
*L. L. Hight*, Esq., for the respondent.

520

522

OPINION.

TRUSSELL: The issues here in controversy are governed by the Revenue Act of 1921 and section 403 (a), which provides as follows:

SEC. 403. That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, or from theft, when such losses are not compensated for by insurance or otherwise, and such amounts reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or any estate, succession, legacy, or inheritance taxes;

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent

by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided,* That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case. of the estates of all decedents who have died since September 8, 1916;

(3) The amount of all bequests, legacies, devises, or transfers, except bona fide sales for a fair consideration in money or money's worth, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent's death, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917; and

(4) An exemption of $50,000.

In a long line of decisions this Board has uniformly held that property acquired by a decedent with funds obtained from the sale or other disposition of properties acquired from a prior decedent and taxed within five years and identified as thus acquired may be deducted from the gross estate of a present decedent. *Elmer E. Rodenbough, Executor,* 1 B. T. A. 477; *Estate of Isabella C. Hoffman,* 3 B. T. A. 1361; *Estate of George W. Burkitt,* 3 B. T. A. 1158; *Walter G. Pietsch, Executor,* 6 B. T. A. 582; *Honoro Gibson Pelton, Executrix,* 7 B. T. A. 1144; *John F. Archbold, Executor,* 8 B. T. A. 919; *John D. Ankeny, Executor,* 9 B. T. A. 1302; *Northern Trust Co., Executor,* 9 B. T. A. 1310; *Seaboard National Bank, Executor,* 11 B. T. A. 1386; *Moses E. Greenebaum, Executor,* 12 B. T. A. 823; *Arthur W. Bingham, Executor,* 15 B. T. A. 1001; and *Frances Brawner, Executrix,* 15 B. T. A. 1122.

Two of these decisions have been approved and affirmed by circuit courts in *Rodenbough* v. *United States,* 25 Fed. (2d) 13, and *Archbold* v. *Blair,* 30 Fed. (2d) 774. These cited cases, without exception, are authority for holding in this case that all the Liberty bonds here in controversy are sufficiently identified as to entitle them to be deducted as property previously taxed.

In the recent case of *Frances Brawner, Executrix,* v. *Commissioner, supra,* we have held that where a decedent received from a prior decedent cash in the amount of $100,000 and deposited the

same to his credit in a bank that the undrawn balance of said amount remaining in the bank at the date of decedent's death was sufficiently identified as property previously taxed to authorize its deduction from gross estate, although other funds had been deposited in and withdrawn from the same account. In the case of *Arthur W. Bingham, Executor, supra,* we have recently held, where a decedent had received from a prior decedent certain railroad stocks and had sold them, realizing from such sale the amount of $28,987.50, and had used such funds, together with $21,012.50 acquired from other sources, with which it purchased $50,000 par value of stock in a corporation in which decedent had prior thereto already held an interest, that the $28,987.50 interest in such stock was sufficiently identified as property previously taxed to authorize its deduction from gross estate.

In the present case we find that the decedent received from a prior-taxed estate the sum of $34,706.71 and that with this amount he acquired an additional capital interest in a mercantile business in which he had previously held an interest and that at the time he acquired this additional interest in the business his total interest therein amounted to $91,080.27, and that on the day of his death his capital interest in said business amounted to the total of $84,-366.60, which latter figure has been included in his gross estate. This case differs from the situation described in the *Bingham* case, *supra,* only in respect to the evidence of ownership of interest in a business. In the *Bingham* case the decedent acquired a capital interest in an incorporated business evidenced by certificates of stock, while in the present case the decedent acquired a capital interest in a mercantile business evidenced by his book account of capital contributed to such business. The true character of the properties involved in these two cases is not essentially different. We are, therefore, led to the conclusion that the proportionate part of the $34,706.71 remaining in the capital account of this decedent on the day when such capital account stood at the lowest point between the date when the amount was added to the account and the date of decedent's death is a proper deduction from gross estate under the provisions of law authorizing the deduction of property previously taxed.

The evidence respecting the transfer of $25,000 par value of Liberty bonds made prior to decedent's death leads us to believe that such transfer was made to take effect at death and that said bonds were properly included in the decedent's gross estate by the respondent. Having found, however, that said bonds are deductible from gross estate as previously taxed properties, the issue becomes unimportant.

The deficiency should be recomputed in accordance with the foregoing findings of fact and opinion.

Reviewed by the Board.

*Decision will be made pursuant to Rule 50.*