In the Matter of the Estate of MARTIN ERDMANN, Deceased.

Surrogate's Court, New York County, November 18, 1939.

*Oscar Lowenstein*, for the executors, petitioners.

*Jerome M. Hirsch* [*Charles A. Jacobs* and *Thomas P. McLaughlin* of counsel], for the State Tax Commission.

*John J. Bennett, Jr., Attorney-General* [*Robert P. Beyer, Assistant Attorney-General*, of counsel], for the State of New York.

FOLEY, S.   This is an application by the executor for a modification of the *pro forma* order of December 12, 1938, fixing the estate tax and for the construction of the will.

On the first question as to the possibility of issue, the decision of the United States Supreme Court in *United States* v. *Provident Trust Co.* (291 U. S. 272) is directly in point and controlling here. The intent of the Legislature in its enactment of the new Estate Tax Law (Laws of 1930, chap. 710) to harmonize as far as possible the construction and application of the Federal and State estate tax laws has received the approval of the courts.   (*Matter of Weiden*, 263 N. Y. 107.)

The preliminary motion of the State Tax Commission to dismiss this proceeding on the grounds that the sole remedy of the petitioner was by an appeal from the order of December 12, 1938, and that the court is powerless to modify the order is denied. The power of the surrogate under subdivision 6 of section 20 of the Surrogate's Court Act to modify the order fixing tax after the time to appeal has expired on newly-discovered evidence or where a clerical error or mistake of fact occurs, is well recognized. (*Matter of Coogan*, 27 Misc. 563; affd., *sub nom. People ex rel. Coogan* v. *Morgan*, 45 App. Div. 628; affd., 162 N. Y. 613; *Matter of Scrimgeour*, 39 Misc. 128; affd., 80 App. Div. 388; affd., 175 N. Y. 507; *Morgan* v. *Cowie*, 49 App. Div. 612; *Matter of Willets*, 51 Misc. 176; affd., 119 App. Div. 119; affd., 190 N. Y. 527; *Matter of Silliman*, 79 App. Div. 98; affd., 175 N. Y. 513.)

The remaining contention of the State Tax Commission that under the language of this will the remainder of the trust may pass to a benevolent corporation not entitled to exemption under subdivision 3 of section 249-s of the Tax Law is overruled. The testator has provided that in the absence of issue to the life beneficiary the remainder of the trust is to be paid to " charitable, education or benevolent institutions * * * as a Martin Erdmann Memorial Fund or Funds." He could not have used more emphatic language to express his charitable intent. This intent is in no way affected by the absence of the term " benevolent " in subdivision 3 of section 249-s of the Tax Law. The language used and the position of the word " benevolent " excludes any possibility of the remainder of the trust being used for other than public charitable purposes. The expression " benevolent institutions " is of itself indicative of the testator's intent to make a charitable gift. " The meaning of the word ' institutions ' is not so fixed that necessarily it must be held to include corporations organized for private as well as public purposes. Indeed when not used in context indicating a broader definition it may well be held to denote primarily organizations created for a public purpose." (*Matter of Frasch*, 245 N. Y. 174, 184.)

I hold, therefore, that the remainder of the trust created by subdivision (B) of paragraph fifth of the will must vest in possession in charitable or educational organizations created solely for public purposes. The diminished remainder of this trust will be eliminated from the taxable estate.

Submit decree on notice construing the will and remitting the tax proceeding to the appraiser for correction in accordance with this decision.