In the Matter of the Estate of ISAAC FRIEND, Deceased.

Surrogate's Court, New York County, April 25, 1940.

*Jerome M. Hirsch,* for the State Tax Commission.

*Kantrowitz, Esberg & Solins,* for the executor.

DELEHANTY, S. The executor appeals from a *pro forma* order which fixed the estate tax upon additional assets. These additional assets consisted of moneys received as decedent's share in the estate of his father, Banned Friend, who died June 30, 1932, and the sum of $5,824.53 received as a bequest under the will of deceased's brother Solomon who died July 2, 1933. The controversy arises only in respect of the moneys received through the estate of Solomon Friend. As to this sum it is claimed by the appellant that it derives from moneys already taxed in the estate of Banned Friend and, though untaxed in the estate of Solomon Friend through which it passed, it comes within the exemption provisions of the Tax Law because in fact there was an estate tax paid upon it in the father's estate within five years prior to deceased's death.

The question is one of the extent of the statutory exemption. If it is a broad general exemption which frees the property from taxation in any estate if only it can be traced to property taxed within the prescribed five-year period there is substance to the appeal. If on the other hand the exemption is an exemption available to a particular decedent's estate only in respect of property derived from the immediately prior estate there is nothing to the appeal. The court holds that the true construction of the statute is that it grants an exemption only in respect of property received from the immediately prior estate. This is the construction given to the comparable text of the Federal act. (*Parrott* v. *Commissioner of Internal Revenue,* 30 F. [2d] 792, affg. 7 B. T. A. 134; certiorari denied, 279 U. S. 870; *Matter of Aylward,* 9 B. T. A. 1057.) Our Tax Law should be similarly construed. (*Matter of Weiden,* 263 N. Y. 107; *Matter of Cregan,* 275 id. 337.)

Submit, on notice, order accordingly.