**WIGGIN et al. v. HASSETT, Collector of Internal Revenue.**

**No. 1604.**

District Court of Massachusetts.

June 29, 1944.

---

Joseph Wiggin, Robert T. Russell, and Frank W. Campbell, all of Boston, Mass., for plaintiffs.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., and Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, John W. Fisher, and Mamie S. Price, Sp. Assts. to the Atty. Gen., for defendant.

FORD, District Judge.

This is an action by the executors of the estate of Delia P. Smith, deceased, against the Collector of Internal Revenue to recover the sum of $2,255.99 with interest thereon from June 25, 1940, representing a portion of a deficiency federal estate tax paid on that date.

The facts, stipulated for the most part, are as follows:

Delia P. Smith, who died January 15, 1938, was a resident of Massachusetts at the time of her death. She was a one-third residuary legatee under the will of her mother, Sina S. Robinson, also a resident of Massachusetts, who died December 29, 1935. One of the plaintiffs, Roswell R. Robinson, 2nd, is a brother of the decedent Delia P. Smith and he was also executor of the estate of the prior decedent, Sina S. Robinson. An estate tax was imposed on and paid by the estate of Sina S. Robinson under the Revenue Acts of 1926 and 1932. The residuary legacy willed by her mother to plaintiffs' decedent and valued in toto at $41,850.47 was comprised of various shares of stock valued at $19,894.50 and not involved in this suit, and cash in the amount of $21,955.97. This sum was paid to Delia P. Smith by two checks: one, for $12,000, was received from her brother, executor of the estate of her mother, on or about February 8, 1937 and deposited in the active checking account of Delia P. Smith with the New England Trust Company, Boston, on February 10, 1937. The other check, for $9,955.97, was received on or about July 17, 1937, and deposited in the same checking account on July 22, 1937. At the time of receipt of both these sums, the taxpayer requested her brother, executor of her mother's estate and one of the plaintiffs here, to invest these sums of money in securities to be selected and purchased by him. When the $12,000 check was deposited on February 10, 1937, plaintiffs' decedent had a balance at the close of that day of $7,755.63; when the check for $9,955.97 was deposited on July 22, 1937, there was a balance of $12,699.22. Beginning February 10, 1937, Delia P. Smith drew a series of checks dated February 10, February 11, April 9, April 12, May 13, June 29, July 23, September 20, September 21, September 22, and September 28 in the total amount of $19,649.89 which she used in payment of securities purchased for her at her request by her brother. The value of these securities at the death of Delia P. Smith was $17,818.25 exclusive of income which had accrued thereon in the amount of $127.84. The Commissioner of Internal Revenue disallowed a deduction claimed by plaintiffs in Schedule I (Items 9–22) of the estate tax return for these securities as having been previously taxed and assessed a deficiency of $2,255.99, including interest. This deficiency was paid June 25, 1940. On April 15, 1941, plaintiffs filed a claim for refund of the deficiency with interest on the ground that said securities were identified within the meaning of Section 303(a) (2) of the Revenue Act of 1926, as amended, 26 U.S.C.A. Int.Rev.Acts, pages 233, 234, as having been exchanged for funds received by bequest from the previously taxed gross estate of Sina S. Robinson who died within five years of plaintiffs' decedent. By letter dated October 3, 1941, the Commissioner rejected plaintiffs' claim for refund on the ground that the cash which had been received from the prior estate had been commingled with other funds belonging to plaintiffs' decedent and therefore could not be identified as required by the statute. Plaintiffs filed suit on November 7, 1941, alleging the same grounds as those set forth in their claim for refund.

The applicable statute is set forth in the margin.[1]

The question raised here is: Were the sums of $12,000 and $9,955.97 received by the decedent from her mother's estate and deposited in her existing checking account sufficiently identified as having been used to purchase the securities shown in Items 9 to 22 in the taxpayers' estate tax return within the meaning of Section 303 (a) (2) of the Revenue Act of 1926, as amended by Sections 402 and 403 of the Revenue Act of 1934?

The only cases cited in the government's brief are Rodenbough v. United States, 3 Cir., 25 F.2d 13, 57 A.L.R. 1091, which was also cited by the Commissioner in his letter of October 3, 1941 rejecting plaintiffs' claim for refund, and Farmers' Loan & Trust Co. v. United States, D.C., 60 F.2d 618. In both these cases proceeds or credit from the sale of securities received from the previously taxed estate were mingled with the taxpayer's other funds in a common bank account from which withdrawals were made for the purchase of securities in issue as well as for other miscellaneous purposes. In the instant case, the cash or credit was received directly from the prior estate. The principle involved in these cases is the same.

The government argues strongly that the Rodenbough and Farmers' Loan cases are decisive of the present case. In the Rodenbough case the court held in construing a provision of the statute similar in all material respects to that involved here that a deduction as to exchanged property is not limited to instances where property is bartered, but extends also to the exchange of one property for another through the medium of money, that is, the purchase of a property with the proceeds of sale of the property first received. It further held that the burden of proving identity is on the taxpayer (cf. Farmers' Loan & Trust Co. v. United States, supra; Treasury Regulations 80 (1937 Ed.) Art. 43).

Commingling funds does not necessarily preclude identification. Rodenbough v. United States, supra, 25 F.2d at page 16; Appeal of Rodenbough, 1 B.T.A. 477; Ankeny v. Commissioner, 9 B.T.A. 1302; Bingham v. Commissioner, 15 B.T.A. 1001. If identity can be proved, the "exchanged" property is exempt as

---

[1] Revenue Act of 1926, c. 27, 44 Stat. 9:

"SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) [as amended by Sections 402 and 403(a) of the Revenue Act of 1934, c. 277, 48 Stat. 680] In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

\*　　\*　　\*　　\*　　\*　　\*

"(2) [as amended by Section 806(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, and by Section 402 of the Revenue Act of 1934, c. 277, 48 Stat. 680] An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax imposed under the Revenue Act of 1932, or an estate tax imposed under this or any prior Act of Congress, was finally determined and paid by or in behalf of such donor, or the estate of such prior decedent, as the case may be, and only in the amount finally determined as the value of such property in determining the value of the gift, or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, and only if in determining the value of the net estate of the prior decedent no deduction was allowable under this paragraph in respect of the property or property given in exchange therefor. Where a deduction was allowed of any mortgage or other lien in determining the gift tax, or the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this paragraph shall be reduced by the amount so paid. The deduction allowable under this paragraph shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions under paragraphs (1), (3), and (4) of this subdivision as the amount otherwise deductible under this paragraph bears to the value of the decedent's gross estate. Where the property referred to in this paragraph consists of two or more items the aggregate value of such items shall be used for the purpose of computing the deduction."

having been previously taxed because the object of the legislation is to prevent double taxation within five years after the death of the prior decedent. In fact the Rodenbough case was remanded to give an opportunity to the taxpayer to produce whatever evidence she could to identify the "acquired" securities. It is true that the funds were commingled in the Rodenbough case and here, but it cannot be said, except in a particular to be dealt with later, that the facts in the instant case are the same as those in the Rodenbough case. The present case is not one of mixed funds and no evidence to distinguish the source from which the decedent withdrew the money for the payment of the securities in question. Further, it is not a case where proof of the source from which the moneys were withdrawn rests solely on an analysis of the bank deposits and withdrawals of the decedent. On the contrary, here the decedent withdrew funds to purchase the securities with thought with respect to the source. The intent of the decedent is clearly delineated in the instruction she gave to her brother, i. e., to purchase securities from the funds bequeathed her from her mother's estate. In other words, the moneys received were to be reinvested in securities to be selected by her brother and exactly this was done. A day or two after the receipt of both these sums of money we find the securities being purchased and paid for. The total of the securities purchased was $19,649.89, a cost of all but $2,306.15 of the bequeathed funds. The expression of intent on the decedent's part plus the fact that she carried out that intent clearly, distinguishes the source from which the decedent purchased the securities (Items 9–22). They were purchased out of the bequeathed funds.

I find that the taxpayers have sustained their burden of identifying the securities in issue here as having been purchased with funds bequeathed to the decedent from the previously taxed estate.

The case of Blair v. Dustin's Estate, 2 Cir., 30 F.2d 774, contains a dictum in point. Judge Learned Hand states at p. 775 of 30 F.2d, in dealing with the problem of allocating payments made out of mixed funds, that an expression of intent as to which fund was selected would be a determining factor in establishing identity.

Because of the view taken that all the securities in issue have been sufficiently identified, it is hardly necessary to point out that even in the absence of any evidence of decedent's intent, an analysis made by the court of the decedent's deposits from non-inherited sources reveals that at least $1,778.65 worth of securities must have been purchased from bequeathed funds. For even assuming that the securities were purchased out of non-inherited funds and charging miscellaneous withdrawals against the inherited funds, then as of September 22, 1937, the decedent had only a balance of $229.67 of non-inherited funds available for the purchase of securities. Having bought $1,000 Empire Dist. Elec. 5s and 50 shares of United Air Craft Corp., which were paid for out of her account on September 25, and September 29, 1937 in the total amount of $2,008.32, at least $1,778.65 of these purchases must have come from inherited funds.

Judgment, with interest and costs, will be entered for the plaintiffs in accordance with the above opinion. If the parties fail to agree on the computation, the court will settle the amount.