ESTATE OF JAMES MILLER, DECEASED, LEON R. JILLSON AND CENTRAL HANOVER BANK AND TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2092.   Promulgated August 2, 1944.

*Julian S. Bush, Esq.*, and *Leon R. Jillson, Esq.*, for the petitioners.
*Ellyne Strickland, Esq.*, for the respondent.

HARRON, *Judge*: The question arises under section 812 (c) of the Internal Revenue Code.[1] The decedent, after receiving a cash legacy of $50,000 from the estate of his sister within five years before his own death, purchased various securities. When he died he possessed the securities. Also, there was a cash balance in his bank account. The issue here requires proving facts. Have petitioners introduced evidence to show that certain cash can be identified as having been received as a legacy and that the securities in question were purchased out of the legacy? Regulations 105, section 81.41, sets forth certain conditions which are prerequisites in obtaining the deduction for property previously taxed. The parties are in dispute only over the point of identity of certain property of which the decedent died possessed.

Respondent allowed petitioners a credit for property previously taxed in the amount of $20,617.22. Petitioners now claim that the deduction should be in the amount of $41,349.56, which is greater than the amount of the deduction which was taken on the estate tax return. The parties are in substantial agreement on the figures used in their respective computations.

Respondent cites *Rodenbough* v. *United States*, 25 Fed. (2d) 13, as the chief authority to sustain his determination. His position appears to be that the property in question can not be traced to the cash legacy of $50,000, the "property previously taxed," because the inherited fund was commingled by the decedent in one bank account with other funds, and the evidence presented by the petitioners does not identify the securities in question and a cash balance in the bank account as "having been acquired in exchange" for the cash legacy from the prior decedent. Respondent contends that the evidence shows a mere intent of the decedent to use the inheritance for the purchase of the securities in question, and such evidence is said to be insufficient under section 812 (c). Under the circumstances, respondent contends that the *Rodenbough* case is decisive of the question. He has followed the procedure which the court suggested in that case, with the result that he has allowed a deduction of $20,617.22, his hold-

---

[1] SEC. 812. NET ESTATE. [As amended by section 407 of the Revenue Act of 1942.]

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(c) PROPERTY PREVIOUSLY TAXED.—An amount equal to the value of any property (1) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (2) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from the donor by gift, or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. \* \* \*

ing being that securities and cash of that value only can be traced to the inherited funds.

The burden of proving identity of property under section 812 (c) is upon the taxpayer. Commingling of funds does not necessarily preclude identification. *Arthur W. Bingham, Executor*, 15 B. T. A. 1001, 1010. The court recognized this when it remanded the *Rodenbough* case to give opportunity to the taxpayer to produce evidence to identify the "acquired" securities. See *United States* v. *Rodenbough*, reported in 15 American Federal Tax Reports 551, but unreported in the Federal Reporter System. It is true that funds were commingled here, as in the *Rodenbough* case, but the evidence here, in our opinion, distinguishes this case from the *Rodenbough* case, that evidence being other than as respondent describes. In this case there is evidence to distinguish the source of the moneys used to purchase the securities in question and the cash balance in the bank account. Here, proof of the source of the moneys used does not rest solely upon an analysis of decedent's bank statements showing deposits and withdrawals. The decedent had made a practice of consulting his attorney for many years about his problems. After he received the cash legacy of $50,000, he told his attorney that he would invest the inherited funds in securities, and he made lists of possible investments and discussed them with the attorney. He said to his attorney that "he was trying to invest this legacy of $50,000." The decedent purchased securities at a total cost of $31,357.82, of which amount $23,209.69 was invested during the first three months of 1939 and the balance during the first part of 1940. The evidence shows that the decedent was a cautious person, who made decisions only after much thought. We do not think it is decisive that the decedent, who handled his own affairs, made his investments over the period as set forth above. The fact is that the decedent clearly expressed to his chief advisor a plan to invest the $50,000 legacy, and the evidence shows that he carried out his plan, although he did not invest the entire amount. We think petitioners have shown that the decedent, in withdrawing the funds he used to purchase the securities in question, had in mind the inheritance as the source of the funds. He stated frequently that the fund received as a legacy was to be invested, and his expressions serve to distinguish the source from which the decedent purchased the securities in question. It is held that petitioners have identified those securities as having been acquired with proceeds from the legacy. *Wiggin* v. *Hassett*, 56 Fed. Supp. 263.

With respect to the cash balance in decedent's bank account in the amount of $16,817.15, the facts show that it is of necessity a balance of the inherited fund, taking all the facts into consideration, and also as a result of the above holding.

Under the holding above made, petitioners are entitled to a deduction under section 812 (c) in the amount of $16,817.15, plus the value of the securities at the date of death. That amount will be less than the $41,349.56 claimed, which includes $171.79 income accrued on the securities at the date of death. In his determination of the deficiency respondent excluded certain amounts representing such accrued income. Petitioners did not contest that part of the determination, and there is no issue relating to items of that character.

*Decision will be entered under Rule 50.*