## In the Matter of the Estate of JOHN H. COOPER, Deceased.

Surrogate's Court, New York County, June 19, 1946.

*Hamilton McInnes* for State Tax Commission, appellant.

*William A. Herrmann* and *Clarence K. McGuire* for John H. Cooper and another, executors, respondents.

COLLINS, S. This is an appeal by the State Tax Commission from the *pro forma* order of February 15, 1946, fixing the estate tax on the appraiser's report. The ground of appeal is that the appraiser erroneously allowed as a deduction from the gross taxable estate the sum of $39,900.03 representing property alleged to have been previously taxed by the Federal Government in the estate of Emma C. Davis, the sister of this decedent. The sole question presented is whether the sum of $39,900.03 has been sufficiently identified as property previously taxed in the estate of the sister which would warrant its deduction in accordance with the provisions of section 249-s of the Tax Law.

Emma C. Davis died on March 29, 1942, and there was assessed and paid in her estate a Federal estate tax. By the terms of her will this decedent was named executor and sole beneficiary. On June 5, 1942, this decedent as executor of his sister's estate drew a check to his individual order for the sum of $40,000 as payment on account of his distributive interest and deposited the same in his personal checking account in which he had a small balance. Four days later and on June 9, 1942, he drew a check on this account to the order of the City Collector for the sum of $39,900.03 in payment and discharge of tax liens on real property which he owned. This real property constituted part of his estate at the date of his death on May 8, 1945. It is conceded that the discharge of the tax liens enhanced the value of the decedent's equity in the real property to the extent of $39,900.03 and that such sum is reflected in the value of such real property.

The appeal is denied. The court holds that the sum of $39,900.03 has been sufficiently identified as property previously taxed within five years by the Federal Government and therefore properly allowed as a deduction by the appraiser. Subdivision 2 of section 249-s of the Tax Law authorizing a deduction for previously taxed property was patterned after a similar provision in the Federal Estate Tax Law (U. S. Code, tit. 26, § 812, subd. [c]). The provisions of both statutes are identical. In construing the Federal statute the Federal courts have held

that the deduction is not limited to instances where property is bartered but extends also to the exchange of one property for another by way of purchase of property with the proceeds of the sale of property first received. This is so regardless of the number of transactions involved (*Farmers' Loan & Trust Co.* v. *United States,* 60 F. 2d 618; *Rodenbough* v. *United States,* 25 F. 2d 13; *Cary* v. *United States,* 22 F. 2d 298; *Estate of James Miller,* 3 T. C. 1180; *Brawner* v. *Commissioner of Internal Revenue,* 15 B. T. A. 1122). These authorities are controlling in the instant case. "We will apply the same rules in determining the effect of similar provisions of the Constitution of this State, for the purpose of maintaining the uniformity of administration of the Tax Law (Cons. Laws, ch. 60) which the Legislature has sought to achieve." (*Matter of Weiden,* 263 N. Y. 107, 110.) For authorities to the same effect see *Matter of Russell* (294 N. Y. 99), *Matter of Cregan* (275 N. Y. 337), *Matter of Friend* (174 Misc. 140), and *Matter of Erdmann* (172 Misc. 806).

Submit order on notice denying the appeal in accordance with this decision.