In the Matter of the Estate of Daniel C. French, Deceased.

Surrogate's Court, New York County, June 20, 1933.

*Warren A. Mayou,* for the petitioner.

*John F. Keating,* for the State Tax Commission.

Delehanty, S. Testator died October 7, 1931. On the appraiser's report of November 1, 1932, a *pro forma* order was made fixing the tax upon his estate. The State Tax Commission appeals from such order and asserts that in fixing the gross value of the estate for tax purposes, the appraiser erroneously held exempt from taxation the corpus of a trust created by deed dated December 3, 1924, and also erroneously suspended the incidence of the tax upon the corpus of the trust created by deed dated August 16, 1930. The Commission contends that under section 249-r of article 10-C of the Tax Law, the corpus of both trusts is presently taxable. This section provides: " The value of the gross estate of the decedent shall be determined by including the value at the time of his death   *   *   *.

" (4) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power either by the decedent alone or in conjunction with any person, to alter, amend or revoke."

Each of the trust deeds in question makes certain provisions as to life estates and remainders and then reserves to the settlor the

right to vary or modify the terms of the trusts set up thereby. The pertinent paragraph says: " Said party of the first part hereby reserves to himself the power by written instrument, or instruments, from time to time to vary or modify the terms of the trust, or any of them hereby created, except that no part of the income or principal from the trust property, or any beneficial interest therein, shall ever become vested in said party of the first part."

The provisions of article 10-C of the Tax Law conform substantially to the Federal Estate Tax Law, and the language of subdivision 4 of section 249-r is identical with the language of section 302 (d) of the United States Revenue Act of 1926 (U. S. Code, tit. 26, § 1094.) It follows that in interpreting the New York Tax Law, decisions in respect of the meaning of the United States Estate Tax Law are applicable.

The executors contend here that the words " vary " and " modify " used in the trust deeds are not the equivalent of the words " alter " and " amend " contained in the Tax Law and hence that the provisions of the Tax Law making part of the gross estate of a deceased the corpus of the trust with respect to which he had power " to alter, amend or revoke," are not applicable. It cannot reasonably be urged that the statutory rules are operative only if the instrument in question uses the statutory language in *hæc verba*. The language must be reasonably construed and the words " alter " and " amend " given their ordinary meaning. The court holds that the words " vary " and " modify " are the equivalent of the statutory words " alter " and " amend " and hence that the trust instruments in question are within the operation of the Tax Law. Recently the United States Supreme Court interpreted section 302, paragraph (d), of the Revenue Act of 1926 (U. S. Code, tit. 26, § 1094) (*Porter* v. *Commissioner of Internal Revenue*, 288 U. S. 436; 77 Law. Ed. 602), and said in respect of a similar argument: " We need not consider whether every change, however slight or trivial, would be within the meaning of the clause. Here the donor retained until his death power enough to enable him to make a complete revision of all that he had done in respect of the creation of the trusts even to the extent of taking the property from the trustees and beneficiaries named and transferring it absolutely or in trust for the benefit of others. So far as concerns the tax here involved, there is no difference in principle between a transfer subject to such changes and one that is revocable. The transfers under consideration are undoubtedly covered by subdivision (d). * * *

" But the reservation here may not be ignored for, while subject to the specified limitation, it made the settlor dominant in respect of other dispositions of both corpus and income. His death termi-

nated that control, ended the possibility of any change by him, and was, in respect of title to the property in question, the source of valuable assurance passing from the dead to the living. That is the event on which Congress based the inclusion of property so transferred in the gross estate as a step in the calculation to ascertain the amount of what in § 301 is called the net estate. Thus was reached what it reasonably might deem a substitute for testamentary disposition."

The quoted case is decisive of this appeal. The appeal of the State Tax Commission is sustained.

Submit order on notice remitting the report to the appraiser for correction in accordance with this decision.