In the Matter of the Estate of EDWIN TROWBRIDGE HALL, Deceased.

Surrogate's Court, New York County, October 19, 1933.

*Bertram L. Kraus,* for the executor.

*Edgar Hirschberg,* for the State Tax Commission.

DELEHANTY, S. The State Tax Commission appeals from a *pro forma* order entered herein January 9, 1933, on the ground that the order failed to include in the gross estate of the deceased for tax purposes the value of a life interest appraised at $72,466 arising out of a trust fund established by decedent's indenture in 1920.

Under the indenture referred to decedent reserved to himself the income during his life and he also reserved the right to designate in writing the person who would become entitled to the income upon his death. In explicit terms decedent carefully reserved the right to make any changes in designation and there can be no doubt that the instrument permitted revocation of designation of beneficiary and change of designation of beneficiary up to the instant of decedent's death. Clause ninth of the indenture provides that the trusts created thereby are irrevocable.

Contention is made by the executor that there existed no right in decedent to cancel the trust and that nothing in fact passed by reason of the death of deceased. He further contends that since the corpus of the trust is not taxable any life interest therein cannot be taxable. He asserts that the right to designate a life beneficiary of income accruing after the donor's death is not an " interest " within the meaning of the Tax Law.

In *Matter of French* (148 Misc. 313) this court had occasion to comment on the fact that the Estate Tax Law of the State of New York conforms substantially to the Federal Estate Tax Law; and the court there said that the decisions of the United States courts are of value in interpreting the meaning of like provisions in the New York Tax Law.

The applicable provision of the Tax Law is section 249-r of article 10-C which says among other things: " The value of the gross estate of the decedent shall be determined by including the value at the time of his death   *   *   *.

" (4) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend or revoke."

In *Porter* v. *Commissioner of Internal Revenue* (288 U. S. 436) the United States Supreme Court interpreted section 302 (d) of

the Revenue Act of 1926 (of which the New York Tax Law, section 249-r is a counterpart) and said (p. 443): " The net estate upon the transfer of which the tax is imposed, is not limited to property that passes from decedent at death. Subdivision (d) requires to be included in the calculation all property previously transferred by decedent, the enjoyment of which remains at the time of his death subject to any change by the exertion of a power by himself alone or in conjunction with another. Petitioner argues that, as decedent was without the power to revoke the transfers or to alter or modify the trusts in favor of himself or his estate, the property is not covered by subdivision (d). But the disjunctive use of the words ' alter,' ' modify ' and ' amend ' negatives that contention."

As was stated later in the *Porter* opinion the death of the donor was the fact or the incident which terminated the right to change the beneficiary of income thereafter and thus constituted a " source of valuable assurance passing from the dead to the living " (p. 444).

The quoted case fully sustains the position of the State Tax Commission and on its authority the appeal is sustained and an order will be made remitting the report to the appraiser for correction in accordance herewith.

Submit on notice order accordingly.