In the Matter of the Estate of JULIA POST IRVIN, Deceased.

Surrogate's Court, New York County, June 19, 1930.

*Ira L. Anderson,* for the executor.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S. This is an appeal by the State Tax Commission from the order assessing the transfer tax in the estate of the above-named decedent. The ground of appeal is that certain additional assets have been taxed in this estate (the donor's) rather than in the estate of Julia Swan Irvin (the donee), who was given a power of appointment over the additional assets. These assets came to Julia Post Irvin as one of the remaindermen in the estate of Lucretia Bryden, who died in 1907. Under the will of Julia Post Irvin, a life tenancy was created for Julia Swan Irvin, with remainder to the brothers and sisters of decedent (the uncles and aunts of Julia Swan Irvin), subject to a power of appointment in the life tenant over the remainder. Under the will of Julia Swan Irvin, dated May 9, 1916, the power of appointment was exercised and the residuary estate bequeathed to the uncles and aunts of the decedent, who were the same persons who would take under the will of their sister, Julia Post Irvin, had the power of appointment not been exercised by Julia Swan Irvin. Two questions are involved:

(1) Since the beneficiaries took less under the exercise of the power, can they elect to take as remaindermen under the will of the donor in disregard of the exercise of the power?

(2) Is the prior order fixing tax entered in the Julia Swan Irvin estate upon a part of the remainder, which had already vested and had been actually paid over, *res adjudicata* and a bar to an election here?

In the estate of Julia Swan Irvin, the residuary legatees, uncles and aunts of the decedent, were taxed at five per cent. On August 29, 1929, there was paid over to the estate of Julia Post Irvin from the estate of Lucretia Bryden the additional assets of $34,627.03 involved here. This is the sum which the beneficiaries elect to take through the will of Julia Post Irvin, their sister, rather than from Julia Swan Irvin, their niece. If their election is effective, the transfer will be taxed within the two per cent class of rates. The appeal is overruled. I hold the beneficiaries received less under the power of appointment than if it had not been exercised. It was within their discretion to repudiate the benefits under the donee's exercise and to take the property directly from the donor. (*Matter of Ripley,* 122 App. Div. 419; affd., 192 N. Y. 536.) The transfer, therefore, must be deemed for the purpose of taxation to have passed under the will of the donor of the power. (*Matter of Chapman,* 133 App. Div. 337; affd., 196 N. Y. 561; *Matter of Lansing,*

182 id. 238.) The election, executed by the remaindermen, to take in the estate of the donor, was merely an additional assurance that they be allowed to do so. (*Matter of Chauncey*, 102 Misc. 378; affd., 187 App. Div. 952.) The order fixing tax in the estate of Julia Swan Irvin disposed only of the matters embraced in that proceeding. The order was not *res adjudicata* as to these additional assets. The issue of election was not specifically raised or adjudicated in that proceeding. As stated in *Matter of Lansing* (*supra*) the position of the remainderman, so situated, was similar to the grantee of a deed. He could accept or reject the benefit. It could not be forced upon him. I hold, therefore, that the formal elections now filed as to these new assets are effective. (*Bowditch* v. *Ayrault*, 138 N. Y. 222; *Matter of Hoyt*, 160 id. 607.)

Submit order denying appeal in accordance with this decision.