In the Matter of the Estate of ALBIN A. CHOLLET, Deceased.

Surrogate's Court, New York County, August 26, 1933.

*Taylor, Blanc, Capron & Marsh* [*James D. Ouchterloney* of counsel], for the executor.

*Edgar Hirschberg* [*John J. Buckley, Jr.*, of counsel], for the State Tax Commission.

FOLEY, S. This appeal by the State Tax Commission from the *pro forma* order fixing the tax involves the determination of the right of the estate to be allowed an exemption upon a contingent remainder interest bequeathed to a person within the preferred class of bene-

ficiaries defined in the Tax Law. The appraiser allowed an exemption of $5,000 as to the husband of a daughter of the decedent, and the State Tax Commission has appealed from such allowance.

The will created a trust for the testator's daughter, Renee, with directions that upon her death one-half of the principal be paid to her then living issue, or, in default of such issue, to Silvio Scuri, her husband, if he then be living, with certain gifts over in the event of his death before the termination of the trust. The testator's daughter has no issue. The son-in-law is now living. Under section 249-q of the Tax Law an exemption of $5,000 is authorized to be deducted from the net estate when transferred to the husband of a daughter of the decedent. The appeal is sustained.

The exact question here involved was determined in the carefully written and comprehensive decision of Surrogate FEELY in *Matter of Smith* (147 Misc. 73). In it he analysed the purpose of the enactment of the new Estate Tax Law, the intent of the Decedent Estate Commission which drafted it in co-operation with the State Tax Commission, and the inferential intent of the Legislature which accepted the Commission's recommendations. Little can be added to the cogent reasoning which leads to his conclusion that an exemption can only be allowed where the remainder interest is fixed and vested absolutely. Where such remainder interest is defeasible, contingent or conditional, the statute contemplates the denial of the exemption. The objective of the Decedent Estate Commission as shown in its report was the abolition of the former transfer tax and the establishment of the new system of an estate tax in order to secure finality as early as possible in the administration of the estate in the fixation and payment of the tax. (Consolidated Report of Decedent Estate Commission, Legislative Document No. 69, 1930, pp. 65, 195, 196.) The former method of suspending taxation until the vesting of remainders and the ascertainment of the ultimate beneficiaries, with consequent delay, was terminated. The deposit by the estate of moneys or securities to assure the ultimate payment of the tax to the State was ended. As stated by Surrogate FEELY, " the State has definitely quit setting out those future contingencies, and taking assurance against the outcome; but, instead, taxes the whole presently passing; and exempts accordingly." Under the new system advantages accrue both to the State and the representatives and beneficiaries of estates. From the expressed purpose of the Commission and of the Legislature, it is clear that no exemption was intended as to a conditional remainder interest.

It is also contended by counsel for the estate in the pending appeal that section 249-v of the new Tax Law provides for a method of

valuing future estates whether the life estates or remainders are vested or contingent. That provision has no application to the situation here involved. It was intended, as stated in the section, that the recognized and established rules, methods and the standards of mortality and value as used by the Superintendent of Insurance shall be employed. But where the future remainder interest, as here, is highly speculative, the mortality tables can furnish no mathematical method of computation of value. Counsel for the estate advances no alternative method of valuation of the future interest of the son-in-law of the decedent. At most the possibility as to whether or not the daughter, who is the life tenant, might or might not be survived by issue is a pure guess. In *Humes* v. *United States* (276 U. S. 487) the Supreme Court rejected the allowance of an exemption to contingent charitable remaindermen on the ground that the possibility of vesting in the charities was speculative and incapable of valuation. There the will created a trust for a young girl, fifteen years of age, with directions to pay portions of the principal to her upon attaining the ages of thirty and thirty-five years. The balance of the fund was to be paid to her when she reached forty. In the event that the life tenant should die without issue before attaining the age of forty, the amount of the principal not paid to her was given to the charities. The situation was thus somewhat similar to that here for the ultimate vesting in the son-in-law of the decedent in the present estate is dependent upon the death of his wife without issue. Tables, the accuracy of which has not been recognized in this country, were attempted to be used in the *Humes* case to show the probability that a woman would or would not marry, or would leave children or die childless, or would die without issue before specified ages. Justice BRANDEIS states in his opinion that " neither taxpayer, nor revenue officer — even if equipped with all the aid which the actuarial art can supply,— could do more than guess at the value " of these contingencies or compute the present value of the conditional gifts to the charities. Judge BRANDEIS concludes, " It is clear that Congress did not intend that a deduction should be made for a contingent gift of that character."

It was the purpose of the Legislature in the enactment of the Estate Tax Law to make, so far as possible, the construction of the new statute similar to the Federal Inheritance Tax Statute (Consolidated Report, 1930, Decedent Estate Commission, p. 195 and explanatory notes contained in the bill passed by the Legislature.) The *Humes* case, therefore, constitutes a further basis for the determination reached by me.

Submit order on notice modifying the *pro forma* order and sustaining the appeal taken from it.