In the Matter of the Estate of ROBERT WEIDEN, Deceased.
STATE TAX COMMISSION, Appellant; CHARLES R. WEIDEN et al., as Executors of ROBERT WEIDEN, Deceased, Respondents.

(Argued October 2, 1933; decided November 21, 1933.)

*Seth T. Cole* for appellant. The statute is constitutional. (*Matter of French*, 148 Misc. Rep. 313; *Tyler* v. *United States*, 281 U. S. 497; *Phillips* v. *Dime Trust & Safe Deposit Co.*, 284 U. S. 160; *Third Nat. Bank & Trust Co.* v. *White*, 287 U. S. 577; *Gwinn* v. *Commissioner of Internal Revenue*, 287 U. S. 224; *United States* v. *Provident Trust Co.*, 281 U. S. 497; *Lucas* v. *Girard Trust Co.*, 281 U. S. 497; *Whitelock* v. *Whitelock*, 156 Md. 115; *Masterman* v. *Masterman*, 129 Md. 167; *Marburg* v. *Cole*, 49 Md. 402; *O'Malley* v. *O'Malley*, 272 Penn. St. 528; *Schroeder* v. *Gulf Refining Co.*, 300 Penn. St. 397; *Gasner* v. *Pierce*, 286 Penn. St. 529; *Palmer* v. *Treasurer & Receiver General*, 222 Mass. 263; *Licker* v. *Gluskin*, 265 Mass. 403; *Hiles* v. *Fisher*, 144 N. Y. 306; *Stelz* v. *Shreck*, 128 N. Y. 263; *Yax* v. *Yax*, 125 Misc. Rep. 851; 211 App. Div. 872.)

*Benjamin Greenspan* and *Nathan Kogan* for respondents. A taxing statute cannot be given retoractive effect, so as to diminish a vested interest. (*Matter of Lyon*, 233 N. Y. 208; *Matter of Pell*, 171 N. Y. 48; *Germania Sav. Bank* v. *Village of Suspension Bridge*, 159 N. Y. 362; *Matter of McKelway*, 221 N. Y. 15; *Nichols* v. *Coolidge*, 274 U. S. 531; *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Coolidge* v. *Long*, 282 U. S. 582.) Estates by the entirety created prior to 1916 are not subject to tax in New York State. (*Matter of Lyon*, 233 N. Y. 208.)

*Per Curiam.* In *Tyler* v. *United States* (281 U. S. 497); *Gwinn* v. *Commissioner* (287 U. S. 224); *Third National Bank & Trust Co.* v. *White* (287 U. S. 577) the Supreme Court has indicated that the tax does not violate the provisions of the United States Constitution. We will apply the same rules in determining the effect of similar provisions of the Constitution of this State, for the purpose of maintaining the uniformity of administration of the Tax Law (Cons. Laws, ch. 60) which the Legislature has sought to achieve.

The orders of the Appellate Division and of the Surrogate should be reversed, without costs, and the matter remitted to the Surrogate for the purpose of including in the transfer tax the estates by the entirety.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.