In the Matter of the Estate of ELIZABETH C. G. RUSSELL, Deceased.

STATE TAX COMMISSION, Appellant; CENTRAL HANOVER BANK AND TRUST COMPANY, as Executor of ELIZABETH C. G. RUSSELL, Deceased, and as Substituted Trustee under a Trust Agreement made by ELIZABETH C. G. RUSSELL, Respondent.

Argued June 13, 1944; decided March 8, 1945.

*Mortimer M. Kassell* and *Paul Newman* for appellant. I. The value of the entire corpus of the trust created by decedent is includible in her gross estate as a transfer intended to take effect in possession or enjoyment at her death. (*Matter of Pratt,* 262 App. Div. 240, 289 N. Y. 621; *Matter of Cregan,* 275 N. Y. 337; *Matter of Weiden,* 263 N. Y. 107; *Matter of Suderov,* 156 Misc. 661, 249 App. Div. 763, 274 N. Y. 525; *Matter of Driscoll,* 160 Misc. 97; *Matter of O'Donnell,* 153 Misc. 480; *Helvering* v. *Hallock,* 309 U. S. 106; *Broderick* v. *Keefe,* 112 F. 2d 293, 311 U. S. 721; *Adriance* v. *Higgins,* 113 F. 2d 1013; *Chase Nat. Bank* v. *United States,* 116 F. 2d 625; *Commissioner of Internal Revenue* v. *Estate of Wilder,* 118 F. 2d 281, 314 U. S. 634; *Millard* v. *Maloney,* 121 F. 2d 257, 314 U. S. 636; *Commissioner of Internal Revenue* v. *Washer,* 127 F. 2d 446, 317 U. S. 653; *Schultz* v. *United States,* 140 F. 2d 945.)

*David F. Cohen* and *Edward H. Lockwood* for respondent. I. The life estate of decedent's sister vested in her on January 3, 1928, under the *inter vivos* trust indenture, which was irrevocable and wholly beyond the grantor's control (as to such life estate) and was not subject to estate tax as part of the grantor's gross estate. The creation of the life estate of decedent's sister was not a transfer to take effect in possession or enjoyment at or after the grantor's death. (*Matter of Pratt,* 262 App. Div. 240, 289 N. Y. 621; *Matter of Cregan,* 275 N. Y. 337; *Matter of Weiden,* 263 N. Y. 107; *Matter of Van Wagenen,* 170 Misc. 820, 258 App. Div. 846; *Matter of Sandford,* 277 N. Y. 323; *Hassett* v. *Welch,* 303 U. S. 303; *Reinecke* v. *Trust Co.,* 278 U. S. 339; *May* v. *Heiner,* 281 U. S. 238; *Burnet* v. *Northern Trust Company,* 283 U. S. 782; *Morsman* v. *Burnet,* 283 U. S. 783; *McCormick* v. *Burnet,* 283 U. S. 784.) II. The provision in the trust indenture permitting the trustee to devote principal to the support of the grantor did not constitute a possibility of reverter and did not prevent the life estate from vesting in decedent's sister at the time of the creation of the trust. (*First Nat. Bank of Boston* v. *Welch,* 24 F. Supp. 695; *Patterson* v. *Helvering,* 36 B. T. A. 407, 99 F. 2d 1007; *White* v. *Poor,* 296 U. S. 98; *Helvering* v. *Helmholz,* 296 U. S. 93; *Matter of Sandford,* 277 N. Y. 323; *Commissioner of Internal Revenue* v. *Flanders,* 111 F. 2d 117; *Commissioner*

of *Internal Revenue* v. *F. G. Bonfils Trust,* 115 F. 2d 788; *Meierhof* v. *Higgins,* 129 F. 2d 1002.)

THACHER, J. In this estate tax proceeding the question presented is whether the entire *corpus* of an *inter vivos* trust established by the decedent during her life is required to be included in her gross estate in computing the tax. The trust was established on January 3, 1928. The decedent died April 4, 1939. The applicable section of the Tax Law is section 249-r, subdivision 3, as it read prior to its amendment in 1931 (L. 1931, ch. 62), which can have no application. (*Matter of Sandford,* 277 N. Y. 323, 332.) Prior to this amendment the applicable section read: " The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property  *  *  *  : To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, *  *  *."

Under the trust indenture the grantor transferred securities to a trustee upon the following trusts: " 1. To collect and receive the interest, income and dividends therefrom (hereinafter referred to as income) and to pay the net income therefrom after deducting all proper charges and expenses to the Grantor during her life. Upon the death of the Grantor to pay the net income therefrom to Grantor's sister, Sarah B. Russell, during her life. Upon the death of Grantor's sister, Sarah B. Russell, or if Grantor's sister, Sarah B. Russell, predecease the Grantor, then upon the death of the Grantor, to transfer and pay over the principal of said trust fund as the Grantor may by her last will and testament appoint and in default of such appointment, the same shall constitute and be disposed of as a part of the estate of the Grantor." The trustee was authorized to devote any of the principal at any time to the well being, support and maintenance of the grantor or, if she be dead, of the grantor's sister, Sarah B. Russell.

No part of the trust principal was paid to the grantor during her life. She was survived by her sister Sarah. The grantor exercised by her last will and testament the power of appointment reserved in the trust instrument.

It is conceded by the taxpayer that the value of the *corpus* of the trust is taxable except for such value as may be ascribed to the sister's life estate. The State Tax Commission contends that this value must be included and that the value of the entire *corpus* is taxable. It is the established legislative policy of the State to conform the estate tax law to the provisions of the Federal estate tax law, and in determining the effect of provisions of the New York Tax Law similar to those of the Federal estate tax law we give great weight to the construction of corresponding provisions adopted in the Federal courts " for the purpose of maintaining uniformity of administration of the Tax Law which the Legislature has sought to achieve." (*Matter of Cregan,* 275 N. Y. 337, 341; *Matter of Weiden,* 263 N. Y. 107, 110; *Matter of Pratt,* 289 N. Y. 621.)

In *Fidelity-Philadelphia Trust Co.* v. *Rothensies* (324 U. S. 108), the Supreme Court of the United States held that the entire value of the *corpus* of an *inter vivos* trust should be included in the gross estate of the decedent for the purpose of the Federal estate tax under section 302, subdivision (c), of the Revenue Act of 1926 (44 U. S. Stat. 9, 70). This provision of the Federal Revenue Act of 1926 corresponds to section 249-r, subdivision 3, of the Tax Law quoted above and provides for the inclusion within the gross estate of property " to the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death ". Under the trust indenture in the *Fidelity-Philadelphia* case the decedent had transferred certain property in trust and provided that the income of the trust was to be paid to the grantor during her life and at her death to her daughters during their respective lives. At the death of each daughter the *corpus* supporting her share of the income was to be paid to her descendants. If either daughter died without leaving surviving descendants, the *corpus* of her share was to be added to the share of the other daughter or of the surviving descendants of the other daughter. But if both daughters died without leaving surviving descendants, the *corpus* was to be paid to such persons as the grantor might appoint by will. In default of

such appointment the *corpus* was to go to certain named charities. The Supreme Court of the United States held that the entire value of the *corpus* of this trust should be included in the decedent's estate for determination of the estate tax. (See, also, *Commissioner of Internal Revenue* v. *Estate of Field,* 324 U. S. 113.)

In view of the fact that in the instant case, as in the *Fidelity-Philadelphia* and *Field* cases (*supra*), the life estate was contingent upon the life tenant's surviving the decedent and took effect in enjoyment only at the death of the latter, we follow these decisions of the Supreme Court of the United States and hold that the value of the sister's life estate must be included in the value of the *corpus* subject to tax.

The order of the Appellate Division and that of the Surrogate's Court dated May 26, 1942, should be reversed and the *pro forma* order assessing the tax reinstated, with costs in all courts payable out of the fund.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.