In the Matter of the Estate of HENRY H. ROGERS, Deceased. ALBERT STICKNEY et al., as Surviving Executors of HENRY H. ROGERS, Deceased, et al., Appellants; STATE TAX COMMISSION, Respondent.

Argued May 28, 1946; reargued October 15, 1946; decided October 18, 1946.

*Hersey Egginton, Harold A. Donegan* and *Arthur W. Siegrist* for executors, appellants.

*Robert Gerstenlauer* and *Walter D. Fletcher* for trustees, appellants.

*John F. Keating* **for** general guardians of Peter Salm, appellants.

*Mortimer M. Kassell, Francis Kelliher* and *Paul Newman* for respondent.

Order affirmed, with costs payable out of the estate; **no** opinion. [See 296 N. Y. 772.]

Concur: LOUGHRAN, Ch. J., DESMOND, DYE and TOWNLEY*, JJ. LEWIS, CONWAY and FULD, JJ., dissent in the following memorandum:

We are asked upon this appeal to overrule a long line of decisions by this court, in the interests of uniformity, because the Supreme Court of the United States has recently decided contrariwise. While the rule of uniformity is entitled to great weight and would ordinarily persuade us to follow the Supreme Court's construction of the Federal prototype of our estate tax law, we cannot see our way clear to do so here.

It has long been settled in this State that where the exercise of a general testamentary power of appointment transfers *no more* to the beneficiary than he would have received — in default of such exercise — under the instrument creating the power, the property is deemed, for the purposes of death taxation, to have passed under the latter instrument by operation of law, and is, therefore, not taxable in the estate of the donee. (*Matter of Vanderbilt,* 281 N. Y. 297, affg. 163 Misc. 667, affd. *sub nom. Whitney* v. *Tax Commission,* 309 U. S. 530; *Matter of Duryea,* 277 N. Y. 310; *Matter of Sandford,* 277 N. Y. 323; *Matter of Slosson,* 216 N. Y. 79; *Matter of Lansing,* 182 N. Y. 238; *Matter of Morgan,* 164 App. Div. 854, affd. 215 N. Y. 703; *Matter of Hoffman,* 161 App. Div. 836, affd. 212 N. Y. 604; *Matter of Haight,* 152 App. Div. 228; *Matter of Chapman,* 138 App. Div. 923, affd. 199 N. Y. 562, 133 App. Div. 337, appeal dismissed 196 N. Y. 561; *Matter of Lewis,* 129 App. Div. 905, affd. 194 N. Y. 550; *Matter of Haggerty,* 128 App. Div. 479, affd. 194 N. Y. 550; *Matter of Ripley,* 122 App. Div. 419, affd. 192 N. Y. 536; *Matter of Backhouse,* 110 App. Div. 737, affd. 185 N. Y. 544; see, also, *Matter of Grinnell,* 183 Misc. 109; *Matter of Lichtenstein,* 177 Misc. 320; *Matter of Irvin,* 137 Misc. 666; *Matter of*

---

* Designated pursuant to section 5 of article VI of State Constitution **in** place of THACHER, J., disqualified.

*Rynear,* 130 Misc. 804; *Matter of Tuckermann,* 130 Misc. 806; *Matter of Canda,* 114 Misc. 161, revd. on other grounds, but approved on this point, 197 App. Div. 597, 600; *Matter of Chauncey,* 102 Misc. 378.) The rule, so repeatedly reaffirmed by this court and so regularly applied by the courts of the State, impresses us as having solid foundation both upon reason and upon legal principle. And, indeed, the soundness of the rule of this State was confirmed by decision of the Supreme Court of the United States itself. (*Helvering* v. *Grinnell,* 294 U. S. 153.) But in *Estate of Rogers* v. *Commissioner* (320 U. S. 410) which involved the Federal estate tax upon the estate of the decedent herein, the Supreme Court (STONE, Ch. J., and ROBERTS, J., dissenting) chose, in the interests of " the federal fisc ", to depart from settled principle.

In our opinion, no defect in reason or logic has been advanced which warrants our repudiation of the rule heretofore adopted by this court. Reversal of the order herein is accordingly indicated, unless we are compelled, in the interests of uniformity of estate tax administration, to abandon our own rules whenever they conflict with Federal decisions in such matters.

The " rule " or " doctrine " — if such it may be called — of uniformity grows out of the fact that the New York estate tax law (Tax Law, art. 10-C) was purposely modeled upon the Federal estate tax law to simplify the legal and administrative work involved (N. Y. Legis. Doc., 1930, No. 69, p. 195). Originating in the Surrogate's courts (see, *e.g., Matter of French,* 148 Misc. 313, 314; .*Matter of Chollet,* 148 Misc. 782, 784), and thereafter adopted by this court (*Matter of Weiden,* 263 N. Y. 107; *Matter of Cregan,* 275 N. Y. 337; *Matter of Pratt,* 289 N. Y. 621; *Matter of Russell,* 294 N. Y. 99), the rule is simply an acknowledgment by the courts of their inclination and disposition to be guided — in the interest of uniformity — by the Supreme Court decisions construing the Federal statute. There is nothing of compulsion in the rule, nothing which demands conformity; this count has not committed itself to a blind conformity, an automatic and mechanical acceptance of every Supreme Court decision. Rather, the rule should be regarded merely as a sign post — though, withal, a persuasive one — pointing the desirability of following those decisions.

The rule has, up to the present, been applied only (1) in

cases of first impression and (2) in cases where the question involved — though previously passed upon by this court in connection with prior tax laws — is being raised for the first time under the estate tax law. We do not believe that its application should be extended to cases where the precise point in issue has already been raised and passed upon under the existing estate tax law. More particularly, we do not believe that the court is either compelled to, or should, in the interests of uniformity, abandon a construction of the New York estate tax law — a construction not only in accord with our previously settled and well-considered opinion, but one previously approved and adopted by the Supreme Court itself and by it applied to the Federal estate tax law. (*Helvering* v. *Grinnell, supra,* pp. 156–157.) Under all of the circumstances, we choose to adhere to our settled rule.

The order of the Appellate Division should be reversed, with costs, and the order of the Surrogate's Court affirmed.