In the Matter of the Estate of JOHN E. MULLINS, Deceased.

Surrogate's Court, Kings County, April 8, 1947.

*Sheafe & McEwen* for executors, appellants.

*Fred M. Ahern* for State Tax Commission.

*Cullen & Dykman* for Brooklyn Trust Company, executor.

*Debevoise, Stevenson, Plimpton & Page* for Mary Mullins.

McGarey, S. The executors have failed to sustain the burden of establishing a change of domicile by the decedent from New York to France. While it appears from the evidence before the court that decedent actually resided in France for all but a very small part of the time from January, 1929, to his death on June 30, 1937, there is lacking satisfactory evidence of an intent to abandon his undisputed domicile of origin in New York and to establish a new domicile in France as distinguished from residence. (*Matter of Sorrentino*, N. Y. L. J., Aug. 14, 1946, p. 266, col. 4; *Crawford* v. *Wilson*, 4 Barb. 504; *Dupuy* v. *Wurtz*, 53 N. Y. 556; *Matter of Newcomb*, 192 N. Y. 238.) The court, therefore, holds that at the time of his death the decedent was domiciled in the State of New York and his estate is taxable as a resident estate.

The appeal of the executors from so much of the *pro forma* order fixing the estate tax as assesses a tax on the value of the remainder of the trust fund created for the benefit of Silvia Josa Mullins is sustained.

The trust was created by decedent by instrument dated October 30, 1936, and the income beneficiary is still living. The appraiser has included in the gross estate the value of the remainder interest in the fund on the basis of a possible reverter to decedent under paragraph " Sixth " of the instrument had the life income beneficiary predeceased him. His action was predicated on the provisions of subdivision 3 of section 249-r of the Tax Law.

The Federal taxing authorities, in proceedings concluded in 1939, did not include the fund in the gross estate under the provisions of the Federal estate tax law. Their action was based on the determination of the United States Supreme Court in *Helvering* v. *St. Louis Trust Co.* (296 U. S. 39) and *Becker* v. *St. Louis Trust Co.* (296 U. S. 48) that such a fund was not taxable. The rule as laid down in the cited cases was effective at the time of decedent's death on June 30, 1937. However, on January 29, 1940, the United States Supreme Court, in *Helvering* v. *Hallock* (309 U. S. 106), overruled those cases and reinstated the rule set forth in *Klein* v. *United States* (283 U. S. 231) which held such a transfer, as that herein involved, taxable. The result is that the transfer in question would unquestionably be taxable had decedent died subsequent to the date of the *Helvering* v. *Hallock* decision (*supra*). (*Matter of Pratt*, 262 App. Div. 240, affd. 289 N. Y. 621.)

In *Matter of Russell* (294 N. Y. 99) the Court of Appeals stated (p. 103): " It is the established legislative policy of

the State to conform the estate tax law to the provisions of the Federal estate tax law, and in determining the effect of provisions of the New York Tax Law similar to those of the Federal estate tax law we give great weight to the construction of corresponding provisions adopted in the Federal courts ' for the purpose of maintaining uniformity of administration of the Tax Law which the Legislature has sought to achieve.' (*Matter of Cregan,* 275 N. Y. 337, 341; *Matter of Weiden,* 263 N. Y. 107, 110; *Matter of Pratt,* 289 N. Y. 621.) '' The most recent case in which the Court of Appeals has applied this doctrine of uniformity is *Matter of Rogers* (296 N. Y. 676, affg. 269 App. Div. 551, 941).

The doctrine of uniformity of administration of the Tax Law enunciated in the foregoing cases impels this court to hold that the transfer herein involved is not taxable. This determination is not based on the fact that the provisions of section 81.17 of Regulations 105 of the Bureau of Internal Revenue relating to the Federal estate tax would seem to exempt the transfer involved here from taxation. The regulations of the Bureau of Internal Revenue do not govern the New York State Tax Commission nor are they necessarily followed or applied by the State of New York. The basis of the holding is the fact that at the time of the pendency of the Federal estate tax proceeding in this estate and at the time of its termination the law applicable to the transfer involved herein was that laid down in *Helvering* v. *St. Louis Trust Co.* (*supra*). Likewise the order appointing the Estate Tax Appraiser herein was signed on January 3, 1939, and the return and schedules were filed with the appraiser by the executors on January 4, 1939. The law then applicable was enunciated in *Helvering* v. *St. Louis Trust Co.* The report of the appraiser was not filed until May 24, 1944. This delay was undoubtedly due to the controversy over the question of the decedent's domicile. However, this delay should not result in the application of a different rule than would have been applied if the delay had not occurred.

The Commissioner of Internal Revenue has taken cognizance of the situation created by the decisions of the United States Supreme Court in the reversal of *Klein* v. *United States* (*supra*) by *Helvering* v. *St. Louis Trust Co.* (296 U. S. 39) and *Becker* v. *St. Louis Trust Co.* (296 U. S. 48), and the overruling of the two latter cases in *Helvering* v. *Hallock* (*supra*), and has provided for exemption from tax of a fund similar to that herein involved where the transfer was made between November 11, 1935, and January 29, 1940. (Regulations 105, § 81.17,

of Bureau of Internal Revenue.) While the regulations of the commissioner have not the force of statute but are promulgated for guidance of the public and are, therefore, not covered in the rulings laid down in the *Russell* and *Rogers* cases (*supra*), the situation here is such as to warrant the application of the rule therein stated.

On all the facts and on the law the trust fund here is held not includible in the gross estate of decedent.

Proceed accordingly.