## In the Matter of the Estate of MAY H. AYER, Deceased.

Surrogate's Court, New York County, January 23, 1948.

*Dudley B. Bonsal* for Frederick Ayer II, as executor of May H. Ayer, deceased, appellant.

*Hamilton McInnes* for State Tax Commission, respondent.

DELEHANTY, S. The executor appeals from the *pro forma* order of this court dated August 13, 1947, which fixed the estate tax on the basis of the appraiser's report. The appeal is taken on the ground that the appraiser erroneously computed a deduction for previously taxed property. The property excluded in the making of the computation is the principal of an *inter vivos* trust created by deceased as settlor. The trust agreement reserved to the settlor the right to alter, amend, modify or revoke the trust in whole or in part. The true estate assets of deceased are adequate to pay all claims against it. The question involved is one of statutory construction.

The Tax Law provisions follow the text of subdivision (c) of section 812 of the Internal Revenue Code (U. S. Code, tit. 26). The question at issue is what is meant by the phrase " property subject to general claims " as used in subdivision 2 of section

249-s of our Tax Law. This text is copied from the Revenue Code.

It is the settled law of this State (*Matter of Rogers,* 296 N. Y. 676; *Matter of Weiden,* 263 N. Y. 107; *Matter of Cregan,* 275 N. Y. 337; *Matter of Russell,* 294 N. Y. 99) that "great weight" is to be given to the construction made by Federal courts of provisions of like import in the Internal Revenue Code. In the *Rogers* case (*supra*) the Federal rule was applied despite a long line of New York cases of contrary import mentioned in the dissenting opinion. It follows from this settled policy that this court should re-examine its own viewpoint if found to differ from that of a Federal court which construed like text.

In *Estate of Emanuel* v. *Commissioner of Internal Revenue* (9 T. C. 779) the text of the Internal Revenue Code was construed by the Tax Court. The facts in the *Emanuel* case (*supra*) are parallel to those in the present record. While the Tax Court is not the final court in respect of Federal taxing statutes its determinations, whether based on factual findings or on constructions of taxing statutes, have been accorded controlling weight by the Supreme Court of the United States. In *Dobson* v. *Commissioner of Internal Revenue* (320 U. S. 489) the Supreme Court, at pages 498–499, said of the Tax Court of the United States: " The court is independent, and its neutrality is not clouded by prosecuting duties. Its procedures assure fair hearings. Its deliberations are evidenced by careful opinions. All guides to judgment available to judges are habitually consulted and respected. It has established a tradition of freedom from bias and pressures. It deals with a subject that is highly specialized and so complex as to be the despair of judges. It is relatively better staffed for its task than is the judiciary. Its members not infrequently bring to their task long legislative or administrative experience in their subject. The volume of tax matters flowing through the Tax Court keeps its members abreast of changing statutes, regulations and Bureau practices, informed as to the background of controversies and aware of the impact of their decisions on both Treasury and taxpayer. Individual cases are disposed of wholly on records publicly made, in adversary proceedings, and the court has no responsibility for previous handling. Tested by every theoretical and practical reason for administrative finality, no administrative decisions are entitled to higher credit in the courts." And at page 501 of the same opinion the Supreme Court said: " Its

decision, of course, must have ' warrant in the record ' and a reasonable basis in the law. But ' the judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.' [Citing cases.]'' Accordingly the cited decision of the Tax Court must be regarded as authority to which this court should accord '' great weight ''. Giving such weight to the construction of this Federal statute the court holds that the New York Tax Law means what the Federal text has been held to mean.

Accordingly the appeal of the executor is in all respects sustained. Submit, on notice, order accordingly.