Joseph A. Cox, S.
The testator, a resident of this State, died in 1906 leaving a will which created separate trusts for two of his daughters and granted to each daughter a limited power to appoint the principal of her trust. The daughters both died in 1959 and each exercised the power. They were residents of France at their deaths. The trustees under the testator’s will moved to exempt the testator’s estate from a transfer tax upon the trust remainders which passed pursuant to the exercise of the respective powers of appointment.
The law applicable in 1906, the year of the testator’s death, imposed upon the donee of a testamentary power of appointment a tax upon the exercise of such power (Tax Law, § 220, subd. 5). Under chapter 368 of the Laws of 1905, the statute then in effect, the power was taxed in the estate of the donee of the power and not in the estate of the donor of the power and, when the power was exercised by a nonresident donee, a tax was not collectible (Matter of Fearing, 200 N. Y. 340).
By reason of the inability to collect a tax from a nonresident donee of a power of appointment, the tax statute was amended to impose the tax in such circumstances upon the estate of the donor (L. 1926, ch. 357) but this corrective legislation is without application to this estate inasmuch as the law in force at the date of the death of this testator is controlling (Matter of Schmidlapp, 236 N. Y. 278).
While recognizing the deficiency of the controlling statute, the Tax Commission contends that the wills of the donees accomplished the identical dispositions provided by the testator in default of the exercise of the powers and, for this reason, the wills of the donees should not be deemed to have accomplished a transfer of property by the donees. In support of this contention reliance is had upon Matter of Duryea (277 N. Y. 310). The Duryea decision was departed from in Matter of Rogers (296 N. Y. 676) and, in referring’ to this, Surrogate Delehahty said in Matter of Ayer (192 Misc. 419, 420): “ In the Rogers case (supra) the Federal rule was applied despite a long line of New York cases of contrary import mentioned in the dissenting *445 opinion.” It would seem that reliance may not be had upon the Duryea decision for the result sought by the Tax Commission and that under the authorities controlling herein the donor’s estate is exempt from transfer tax with respect to these trust remainders (Matter of Fearing, supra; Matter of Rogers, supra; 6 Warren’s Heaton, Surrogates’ Courts, § 13.19; Matter of Grinnell, 183 Misc. 109, 112).
The motion is granted and the orders are to be resubmitted on notice.