In the Matter of SARAH H. MYERS, Deceased. STATE TAX COMMISSION, Appellant; HALSTED H. MYERS et al., as Executors, Respondents.

First Department, June 2, 1964.

*Edward H. Best* of counsel (*Francis Kelliher* and *Vincent P. Molineaux* with him on the brief), for appellant.

*Earle J. Starkey* of counsel (*John F. Johnston 2nd* with him on the brief; *Debevoise, Plimpton, Lyons & Gates,* attorneys), for respondents.

VALENTE, J. This is an appeal from an order of the Surrogate's Court which upheld the right of beneficiaries of life estates — created by the exercise of a limited power of appointment — to elect to have the transfer taxed in the estate of the donor of the power, rather than in the estate of the donee exercising the power.

The decedent, Sarah Hawley Myers, exercised a limited power of appointment over a trust created by the will of her mother, Elizabeth L. Hawley, who died a resident of New York County in 1928. Under the power, the decedent could appoint the remainder of the trust fund to her issue. In the exercise of the power, two life estates were created by decedent for the benefit of her sons with remainder to their issue. The value of the life estates was fixed at $10,432.88.

Had the power not been exercised, decedent's two sons would have taken — under the terms of the will of the donor of the power — the entire trust principal, valued at approximately $25,000. Thus, as a consequence of the exercise of the power, the beneficiaries receive less than they would have in default of its exercise.

Subsequent to the probate of Sarah Hawley Myers' will, decedent's sons filed an affidavit with the appraiser in which they elected to take their interest under the will of the donor and to have the property taxed in the estate of the donor.

In *Matter of Rogers* (269 App. Div. 551, affd. 296 N. Y. 676) the court overruled a long line of decisions in this State determining the taxation of general powers of appointment. Prior to that decision, it was the settled rule that where the donee of a general power of appointment gave to a beneficiary no more than he would have received under the donor's will — had the donee not exercised the power — the property was deemed, for taxation purposes, to pass under the donor's will, and not by the exercise of the power; and was not taxable in the estate of the donee. (See cases cited in dissenting opinion 296 N. Y. 676, 678–679.)

*Matter of Rogers* (*supra*) followed a contrary rule adopted by the United States Supreme Court for Federal estate tax purposes in *Estate of Rogers* v. *Commissioner* (320 U. S. 410) and

held that where a donee exercised a general power of appointment so as to give some beneficiaries less than they would have received in default of the exercise of the power, under the donor's will, the property passed by the donee's exercise of the power and was, therefore, taxable in the donee's estate.

There is no dispute in this case, nor could there reasonably be one, that since *Matter of Rogers* (*supra*) general powers of appointment are taxed under New York Estate Tax Law in the same manner as they are taxed under the Federal Estate Tax Law. The crucial issue then is whether the exercise of limited powers of appointment should receive a different treatment. While recognizing the rule that in respect of general powers of appointment, the property passing under the exercise of the power is taxable in the estate of the donee of the power, the learned Surrogate held: "In respect of limited or special powers of appointment, it is still the privilege of the beneficiary to receive his interest in the estate of the donor or in the estate of the donee, whichever will result in a lesser tax burden to him." (N. Y. L. J., Feb. 18, 1963, p. 15, col. 5.)

We disagree with that conclusion. There is no sound reason for any distinction between general powers or limited powers as to when property passes. The estate tax treatment of property passing under a limited power of appointment exercised by the decedent was governed by subdivision 7-a of section 249-r of the Tax Law. That statute, so far as is pertinent here, provided:

" § 249-r. Gross estate. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated (except real property situated and tangible personal property having an actual situs outside this state): * * *

" 7-a. To the extent of any property passing under a power of appointment exercised by the decedent * * * by will * * * provided that the transfer of such property is not or was not subject to a death tax in the estate of the grantor of such power but would have been so taxable except for a statute providing that the tax on the transfer of such property should be imposed in the estate of the grantee of such power in the event of the exercise thereof."

When decedent's mother — the donor of the power — died in 1928, property transferred subject to any power of appointment, general or limited, was taxable in the donor's estate if the power was not exercised; but if the donee exercised the power,

subdivision 4 of section 220 of the Tax Law then provided that the transfer should be taxed in the donee's estate. The proviso under subdivision 7-a of section 249-r of the Tax Law — quoted above — refers to the old section (Tax Law, § 220, subd. 4). Hence, in 1928, the property passing under the power of appointment was not then subject to a death tax in the estate of the grantor of the power because the statute provided that the tax should be imposed in the estate of the grantee of the power when exercised.

Before 1932, the estate tax was imposed on the property passing under a general power of appointment exercised by a donee but did not tax property passing under the exercise of a limited power. With the amendment of section 249-r of the Tax Law in 1932, by the addition of subdivision 7-a, quoted above, property passing under the exercise of a limited power given by a donor who died before 1930 was taxable in the donee's estate. (For a summary of the vicissitudes of the New York statutes in regard to taxation of special or limited powers of appointment, see *Whitney* v. *Tax Comm.*, 309 U. S. 530, 535–537.)

The Estate Tax Law is not a tax on property, but on the passing of property. The exercise of a power of appointment results in property interests passing to the beneficiary and that is what an estate tax hits. Whether the beneficiary enjoys the property by virtue of its passing through the exercise of a general or limited power of appointment can be of no real significance as to the fundamental basis for taxation — the passing of the property by the exercise of the power.

The rule of *Matter of Rogers* (*supra*) made property passing under a donee's exercise of a general power of appointment taxable in the donee's estate when the beneficiary received less than he would have received under the donor's will. The opinions written in that case disclose that in departing from a long line of decisions theretofore rendered by the courts of this State, the court in *Matter of Rogers,* was motivated by a desire to produce uniformity with the decision of *Estate of Rogers* v. *Commissioner* (320 U. S. 410, *supra*) involving Federal tax law. However, the reasons which prompted the rule do not detract from its efficacy as controlling authority in the field of taxation of powers of appointment. Since the rule in *Matter of Rogers* expressly governs the exercise of general powers of appointment, an equally strong urge for uniformity, simplicity, and definiteness in the administration of estate taxes should

prevail in the treatment of all powers of appointment, general or limited, for taxation purposes in this State.*

The facts in the instant case are similar to those in *Matter of Rogers,* with the exception that in this appeal we are concerned with a limited power. Since there is no equivalence between what the beneficiaries receive under the wills of the donor and donee of the power, the conclusion reached should be the same as in *Rogers* — that the property passing under the exercise of the power is taxable in the donee's estate and that the beneficiaries have no right of election to have the property taxed in the donor's estate. In sum, we hold that the principle of the *Rogers* case (*supra*) as to taxation of general powers applies equally to the taxation of a limited power of appointment.

The order should therefore be reversed, and the original taxing order of February 27, 1962, should be reinstated, with costs to all parties payable from the estate.

BREITEL, J. P., STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on March 6, 1963, unanimously reversed, and the original taxing order of February 27, 1962, reinstated, with costs to all parties filing briefs payable out of the estate.

---

* By chapter 1013 of the Laws of 1962, which became effective April 1, 1963, the Tax Law was amended to insert a new article, article 26, dealing with estate taxes. The law was amended pursuant to a recommendation made by State Department of Taxation and Finance. (For Memorandum of State Department of Taxation and Finance, see McKinney's 1962 Session Laws of New York, pp. 3538–3554.) The new law applies to all decedents dying on or after April 1, 1963. Section 957 of the new Tax Law deals specifically with limited powers of appointment created prior to September, 1930. It provides that in determining the New York gross estate of a deceased resident there shall be included all property passing under a limited power of appointment. For the purposes of the section, a limited power of appointment means (subd. b) a power with respect to property which is not or was not subject to New York death tax in the estate of the grantor of such power, but would have been so taxable except for a statute providing that the tax on the transfer of such property could be imposed on the estate of the grantee of such power in the event of its exercise. The instant power would clearly fall within the purview of the new section 957 of the Tax Law had decedent died after April 1, 1963. The Memorandum of the State Department of Taxation and Finance (*supra,* pp. 3545–3546) indicates that the new section 957 is not intended as a change in the law but merely as clarification. The proposed section was to make "it clear that the property subject to the limited power of appointment will not be included in the grantee's gross estate if the property was in fact finally taxed in the grantor's gross estate". Where the tax was paid in the grantor's estate and then the exercise of the limited power results in a tax on the grantee's estate, provision is made under article 10 (§ 220, subd. 8) of the Tax Law, for a refund of the amount paid from the grantor's estate.